HENRY C. PITNEY, JOHN R. EMERY, ALFRED REED, FREDERIC W. STEVENS, MARTIN P. GREY, EUGENE STEVENSON, JAMES J. BERGEN AND LINDLEY M. GARRISON, VICE-CHANCELLORS.

WILLIAM W. VARICK, administrator, &c., et al.

*v.*

ETHEL V. SMITH.

[Submitted May 10th, 1904. Filed June 7th, 1904.]

The act entitled "A supplement to an act entitled 'An act concerning executors and the administration of intestates' estates' (Revision), approved March twenty-seventh, one thousand eight hundred and seventy-four, regulating the sale of lands by administrators with the will annexed,

(1)

and defining their powers," approved April 6th, 1888 (*Gen. Stat. p. 1429*), does not confer upon an administrator with the will annexed power to make sale of real estate which by the will was devised to the executors, upon trusts to be performed by them, not as executors, but as trustees.

On bill, answer and stipulated facts.

*Mr. Isaac S. Taylor,* for the complainant.

*Messrs. Collins & Corbin,* for the defendant.

MAGIE, CHANCELLOR.

The bill in this cause was filed by William W. Varick, administrator with the will annexed of Augusta Almeda Thompson, deceased, and others, who are interested under the provisions of said will. The purpose of the bill is to obtain a construction of some of the provisions of the will, and instructions and directions to the complainant, the administrator with the will annexed, and for other relief.

The sole defendant is the child of a nephew of the testatrix and is made a party as claiming an interest in the estate of the deceased. She is an infant and appears by a guardian *ad litem*.

There are many questions raised in respect to the construction of parts of the testatrix's will, but as preliminary to their consideration there are other questions which must be disposed of.

The first question relates to the power of the administrator with the will annexed over the sale of certain real estate of which the testatrix died seized. It is made to appear that the testatrix died on July 15th, 1900. She left a last will executed by her on October 27th, 1879. By that will she appointed Francis W. Raymond and Henry W. Johns executors and trustees, and in the event of the death, disability or refusal of either of them to qualify or act, she appointed in his place Thompson Kingsford. Both Raymond and Johns had died before the testatrix. Kingsford survived testatrix, but renounced and declined to act as executor or trustee. The complainant Varick was duly appointed administrator with the will annexed.

The testatrix left property both real and personal.  After making some specific legacies and dispositions, the fourth clause of the said will was in the following words:

"FOURTH.—All the rest, residue and remainder of my estate of which I may die seized or possessed, of whatsoever kind and wheresoever situated, I do hereby give, devise and bequeath to my executors hereinafter named.

"IN TRUST: To divide into five equal shares, and to pay over one of the said shares to each of my said brothers, Francis W. Raymond and Henry A. Raymond, if living, but if either shall have died, then his issue to take the share which his, her or their parent would be entitled to, if living; and to hold, invest and manage one of said remaining three shares for each of my said sisters, Mary Louisa Raymond, Catherine J. Smith and Emma E. Langwith, and to invest their said respective shares in the securities allowed by law only, and receive the rents, profits and income thereof, and to pay over the same quarterly to my said sisters, respectively, for each of their sole and separate uses and benefit, during their natural lives, respectively, and free from the control and debts or engagements of either of their present or any future husbands either of them may marry, and after the death of either of them, then to pay the principal of the personal estate and convey the real estate, if any, to and amongst her child or children in such shares and proportions as she shall by deed or by her last will and testament direct and appoint, and in default of issue my said sisters to have the power by appointment to leave their respective shares to such persons as they shall think proper; and in default of any such appointment said respective shares to go to their said respective children in equal shares upon attaining the age of twenty-one years, respectively, with power to said trustees to apply the income and such part of the principal as they in their discretion shall think proper towards the education, maintenance and support of such child or children during his, her or their minority, and in case there shall not be any child who shall attain the age of twenty-one years, and default of issue and any appointment, then the said share of either one of my said sisters so dying shall go to her next of kin as provided by law, in any state where I may be residing at the time of my death, excepting, however, that it be in the same manner as if she had died unmarried."

It is obvious that by this disposition of the rest and residue of all her property, real and personal, testatrix intended to invest her executors with the legal title to her real estate and the legal interest in her personal estate which should remain after payment of debts and expenses of administration and after the specific dispositions previously contained in her will had been made.  The legal estate and interest thus conferred was to be taken and held by them upon the trusts declared.  The pre-

liminary duty imposed on them was to divide what was thus given into five equal shares. Two of the shares were intended to be immediately paid to her brothers or to the issue of either who had died. Of the three other shares, one was to be held by them during the life of each of her sisters.

If the performance by the trustees of the duty to divide the residue into five equal shares required the conversion of real estate into money, they doubtless had power to sell real estate. Testatrix, however, contemplated that a division of real estate might be made so that any share allotted to a sister for life might include a portion of real estate, for although she directs the investment of such a share in securities allowed by law, she also directs the trustees, upon the death of the life tenant, to pay the principal of the personal estate and convey the real estate, *if any,* of such share to the persons designated as the ultimate beneficiaries.

The sale of real estate thus permitted by implication is plainly to be made, not by the executors in that capacity, but by them as trustees holding the real estate as devisees in trust.

The question presented, then, is whether a sale of real estate thus provided for may be made by an administrator with the will annexed.

It was necessarily conceded in the argument that such an administrator possesses power to sell real estate of a testator only by virtue of the provisions of some statute.

By the provisions of section 20 of the "Act concerning executors and the distribution of intestates' estates," approved April 16th, 1846 (*Rev. 1846 p. 350*), it was provided that a deed made by any administrator with the will annexed for any lands sold pursuant to any power or direction in the will given to or vested in the executor named therein, should be as good, valid and effectual as if made and executed by such executor. It was further provided that such administrator should have the same power and authority as was given to or vested in the executor named in the will, unless where otherwise expressly provided in the same.

The provisions of section 20 above cited were substantially

re-enacted as section 11 of the "Act concerning executors and the administration of intestates' estates" (Revision), approved March 27th, 1874.

By an act entitled "A supplement to an act entitled 'An act concerning executors and the administration of intestates' estates' (Revision), approved March twenty-seventh, one thousand eight hundred and seventy-four, regulating the sale of lands by administrators with the will annexed, or by administrators *de bonis non* with the will annexed, and defining their powers," approved April 6th, 1888 (*P. L. of 1888 p. 395; Gen. Stat. p. 1429*), the provisions of section 11 above cited were repealed.

By section 1 of the act of 1888 the same force was given to any deed made by an administrator with the will annexed pursuant to a power in the will given to, or vested in, the executor, and it was provided that such an administrator should have the same powers and authority with respect to the sale of lands of the testator as were given to, or vested in, the executor or executors named in said will,

"whether such powers and authority constitute or shall constitute a naked power to sell lands, or constitute or shall constitute a special continuing trust, and whether the discharge of the duties of such trust involves or shall involve the exercise by said executors or executor of any discretion, either in point of time or method, or not."

The legislation existing prior to the passage of the act of 1888, above cited, has been frequently before the courts. It has been uniformly held that it conferred power on the administrator with the will annexed to exercise powers of sale conferred by the will upon executors *qua* executors, but not where the power devolved on the executors as trustees with trust duties to perform. *Griggs* v. *Veghte, 47 N. J. Eq. (2 Dick.) 179; Brush* v. *Young, 28 N. J. Law (4 Dutch.) 237; Zabriskie's Executors* v. *Wetmore, 26 N. J. Eq. (11 C. E. Gr.) 22; Weiland* v. *Townsend, 33 N. J. Eq. (6 Stew.) 393; Lanning* v. *Sisters, &c., 35 N. J. Eq. (8 Stew.) 392; Sloutenburgh* v. *Moore, 37 N. J. Eq. (10 Stew.) 63; S. C., 38 N. J. Eq. (11 Stew.) 281;*

*Naundorf* v. *Schumann, 41 N. J. Eq. (14 Stew.) 15; Joralemon* v. *Van Riper, 44 N. J. Eq. (17 Stew.) 299; Giberson* v. *Giberson, 43 N. J. Eq. (16 Stew.) 116.*

In *Griggs* v. *Veghte, ubi supra,* it was intimated that the act of 1888 enlarged the statutory powers of an administrator with the will annexed over the sale of lands of the testator, but the case did not call for any determination of the extent of the power which was thereby conferred. The provisions of the act are not easy to construe, and its language is not happily chosen to make clear what powers were intended to be conferred. It is, however, clear that the powers conferred respect a sale of lands. The act does not expressly confer upon an administrator with the will annexed any power to act as trustee under the will. The express power granted is limited to the sale of lands, and the legislative purpose is itself limited by the title of the act, which declares that it regulates the sale of lands by an administrator with the will annexed. Nor can there be any such power implied, for such an implication would make the act inconsistent with its title.

If, therefore, the complainant in this cause should be held to possess power to sell testatrix's real estate included in the residue, it would still be requisite to administer the trust created, and, in the absence of a consenting trustee under the will, a trustee or trustees must necessarily be appointed.

But I do not find it possible to discover in the statute of 1888 any grant of power to an administrator with the will annexed to sell lands which are the subject of an express devise in trust. Had the devise in this case been made to strangers instead of to the executors, it does not admit of question that the administrator would have no power of sale under the statute.

The fact that the devise in the case before us is to persons named as executors will not alter the situation. The act, therefore, must be held to be limited in the powers conferred on administrators with the will annexed to powers conferred on executors to sell land as executors, and not when they acquire by a devise an absolute title for the purpose of a trust. In that case they sell, if a sale is necessary, not as executors but as de-

visees with absolute title. It also results that if there be no trustee in being to manage this trust, a trustee or trustees should be appointed for that purpose. No construction of the will for the direction of a trustee could be properly made before such appointment.

One of the prayers of the bill is for the appointment of a trustee. Counsel may be heard on the question of whether such an appointment may be made upon the case now before the court, and without an amendment of the bill, and the presence of some person representing Kingsford, the executor and trustee who survived testatrix. When a trustee is appointed, he may seek the aid of the court either in this case or by an original proceeding on his part.